UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13968-GAO

WEN Y. CHIANG,
Plaintiff,

v.

DAVID GRAY,
Defendant.

## MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons stated below, this action is dismissed for lack of personal jurisdiction.

On November 25, 2015, Wen Y. Chiang, who resides in Massachusetts, filed a complaint against Attorney David E. Gray and the Law Office of Peakes & Gray ("LPG"). The plaintiff provided an address in Dexter, Maine for the defendants.

According to Chiang, Attorney Gray and LPG represented him in connection with the plaintiff's 2009 purchase of a parcel of real estate in Maine. Chiang represented that he had previously brought a lawsuit against Attorney Gray and others in a Massachusetts Superior Court, but that it was dismissed because the state long-arm statute did not provide for personal jurisdiction over Attorney Gray.

In a memorandum and order dated January 8, 2016, the Court directed Chiang to show good cause why this action should not be dismissed for lack of personal jurisdiction. The Court held that, to the extent that this action raised the same claims that Chiang had asserted in state court, the state court's finding of lack of personal jurisdiction over Attorney Gray was binding on this Court. The Court also stated that there was no indication that the Court could exercise personal jurisdiction over LPG.

On February 16, 2016, Chiang filed a show cause response. In this document, he does not offer any reason why the state court's finding of lack of personal jurisdiction should not be binding on this Court. Rather, it appears that he believes that the Court's diversity subject matter jurisdiction is sufficient:

> When plaintiff with other plaintiff jointly filed claim in 2012 and defendant defended and argued the state court has no jurisdiction, and plaintiff argue the long arm statute by submit the numerous of evidence and e-mails and defendants correspondences 3-mails and payments of closing payments, express mail, certified mail, that is proof of contract and is qualify of long arm statute but the state appeal court affirm the judgment, however, plaintiff was told by professional lawyer not to waste the time and can file the diversity case in Federal court that would much faster, which plaintiff position currently situation.

Show Cause Response (#7) at (as in original).

As the Court already explained to the plaintiff, the requirements of subject matter jurisdiction (here, diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)) and personal jurisdiction are different.  Even where an action meets the requirements of diversity subject matter jurisdiction (i.e., between citizens of different states and the amount in controversy exceeds $75,000), the Court must determine whether it has personal jurisdiction over the parties.  The state court has already determined that Attorney Gray's contacts with Massachusetts are insufficient for a court in this state to exercise personal jurisdiction over him in regards to the claims at issue.  That finding is binding on this Court because, like the state court, this Court can only exercise personal jurisdiction over an out-of-state defendant if the requirements of the Massachusetts long-arm statute are met. See Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015) ("In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." (quoting Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir.1995))).

If Chiang wishes to invoke the diversity subject matter jurisdiction of a federal district court, he must do so in a judicial district where the court can exercise personal jurisdiction over the defendants.  This Court does not have personal jurisdiction over the defendants because they lack sufficient contacts with Massachusetts in regards to the claims at issue.[1]

Accordingly, this action is DISMISSED for lack of personal jurisdiction.

SO ORDERED.

  4/20/2016                                              /s/ George A. O'Toole, Jr.
DATE                                                    GEORGE A. O'TOOLE, JR.
                                                        UNITED STATES DISTRICT JUDGE

---

[1] Based on Chiang's factual allegations, it appears that a federal district court in the District of Maine would have personal jurisdiction over the defendants.